CHAS. W. SLATER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4134.    Promulgated December 15, 1926.

The evidence fails to show that the Commissioner was in error when he included, in the calculation of the 1920 deficiency, income received from the sale of notes in 1920 at a price which was greater than their fair market value in 1919.

*Samuel V. Markley, Esq.,* for the petitioner.
*M. N. Fisher, Esq.,* for the respondent.

Income taxes for the calendar year 1920, in an amount less than $10,000, are in controversy.

The petitioner complains that his income, as shown in his return for the year, has been increased by $23,000, an amount which he did not receive, and alleges that he is entitled to deduct $19,000 expended in carrying on his business, which amount was not claimed as a deduction in his income-tax return.

FINDINGS OF FACT.

The petitioner, an individual residing in Washington, D. C., has been engaged for many years in promoting various enterprises. He spent money each year in conducting his business.

For five years the petitioner had been engaged in acquiring a one-fourth interest in a mining lease in Utah. In 1919 he sold his interest in the lease through L. R. Robinson of New York City, and received in payment five unsecured promissory notes, dated June 9, 1919, for $10,000 each. One note matured on the 9th day of each of the months of January, February, March, April, and May, in the year 1921. There was written on the face of each note " This note has privilege of a 20 per cent curtail at each maturity. Renewal note for balance."

In 1919, in attempting to dispose of these notes, the petitioner went to Pittsburgh a number of times; to New York, to Philadelphia, and to Washington, but could find no market for them at any price, at banks or elsewhere. In 1920 he sold them to H. Lamson, of Washington, D. C., for checks in the amount of $30,000. Some of these checks were dated ahead as much as nine months and all were given a future date. In the same year the petitioner received $27,000 for the checks from H. W. Van Senden, Washington, D. C.

On his income-tax return for 1920, in Schedule D.—Profit From Sale of Land, Buildings, Stocks, Bonds and Other Property, and From Liquidating Dividends—under the following headings, he made the following entries:

1. Kind of Property_____ Mineral Lease.
2. Name and Address of Purchaser or Broker__L. R. Robinson, New York, N. Y.
3. Sale Price or Liquidating Dividends (All in notes) _____ $50,000
4. Date Acquired _____ Blank
5. Cost, or if Acquired Prior to Mar. 1, 1913, the Fair Market Value
   on that Date_____ $19,000
6. Cost of Subsequent Improvements, if any_____ $23,000
7. Depreciation_____ Blank
Net Profit from Sales (total of columns 3 and 7 minus total of columns
   5 and 6) _____ $8,000

OPINION.

MURDOCK: The petitioner has failed to produce evidence to show that he is entitled to a deduction of any amount under section 214(a) (1) of the Revenue Act of 1918.

There was evidence to show that the sale of the interest in the lease took place in 1919, instead of in 1920, as shown in the return; that the notes received had no market value in 1919; but that in 1920, the petitioner exchanged them for $30,000 in checks, which he then sold for $27,000 in cash or its equivalent.

When property is exchanged for notes of a third party, income is realized in the year in which the transaction takes place to the extent that the fair market value of the notes exceeds the cost of the property, where that property was acquired subsequent to March 1, 1913. *Appeal of Aaron W. Wolfson*, 1 B. T. A. 538; *Appeal of E. Alice James*, 1 B. T. A. 548.

We are not concerned with the petitioner's income for the year 1919, and we do not know whether or not it was correctly determined. There is nothing to indicate that the Commissioner has not excluded the items indicated on Schedule D of the 1920 return in his calculation of income for that year. The deficiency letter for 1920 is not before us and we do not know just how the deficiency was determined, but there is no satisfactory evidence to show that it was not correctly calculated upon income received from the sale of notes in 1920 at a price which was greater than their fair market value in 1919.

> *Judgment will be entered after 15 days' notice, under Rule 50.*